IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 15-108 |
| ) | Senior Judge Nora Barry Fischer |
| ROBERT W. RICHARDS, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 19th day of June, 2020, upon consideration of Defendant Robert W. Richards' Motion and Supplemental Motion to Delay Report Date and for Release to Home Confinement (Docket Nos. 314, 318), in which he requests that the Court order an enlargement of his custody to home confinement and/or delay his report date from a medical furlough for 60 days because of his health conditions given the COVID-19 pandemic, the Government's Response opposing the requested relief (Docket No. 320), and Defendant's Reply acknowledging that the Bureau of Prisons ("BOP") granted his request to extend his furlough until July 3, 2020 (Docket No. 321), IT IS HEREBY ORDERED that Defendant's motions are DENIED as follows:

Defendant's request that the Court order an "enlargement of his custody to home confinement," (Docket No. 318 at 2, 22), is DENIED, as the Court lacks authority to order the BOP to release Defendant to home confinement.[1]  In so holding, the Court notes that the BOP possesses the authority to designate where a prisoner serves his sentence.  18 U.S.C. § 3621(b).  Defendant concedes that he is "currently a federal prisoner in the custody of the [BOP] at Federal Transfer Center Oklahoma City."  (Docket No. 318 at 2).  As a release to home confinement "is

---

[1] To the extent Defendant purports to seek habeas relief under 28 U.S.C. § 2241, the Court agrees with the Government that Defendant's request is not properly before the Court.  *See* Docket No. 320 at 5-6.

1

a change in the location where the inmate serves his sentence, . . . only the BOP, not this Court, has the statutory authority to release him to home confinement under Section 3621(b)." *United States v. Horner*, Crim. No. 11-31, Docket No. 200 at 4 (W.D. Pa. May 28, 2020) (Gibson, J.) (citing *United States v. Black*, No. 2:12-cr-263-3, 2020 WL 2748288, at *1 (S.D. Ohio May 27, 2020)). Furthermore, the Court notes that the BOP twice considered Defendant for release to home confinement under the CARES Act but denied same. (Docket No. 321, ¶ 1). This Court lacks jurisdiction to address the BOP's decision in that regard. *See United States v. Mansaray*, Crim. Nos. 13-236 & 15-526, 2020 WL 3077184, at *3 (E.D. Pa. June 10, 2020) ("The Congress did not provide the Courts with the authority to review the BOP Director's decision whether to release inmates into home confinement at an earlier time under the CARES Act."); *United States v. Read-Forbes*, Crim. No. 12-20099-01-KHV, 2020 WL 1888856 at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").

Defendant's request that the Court order the delay of his report date from a medical furlough for 60 days is DENIED AS MOOT, as the BOP has extended his furlough until July 3, 2020. *See* Docket No. 320, Ex. A.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record